**John DOE, M.D., Plaintiff,**

v.

**MERCY HEALTH CORPORATION OF SOUTHEASTERN PENNSYLVANIA, et al., Defendants.**

**Civ. A. No. 92–6712.**

United States District Court, E.D. Pennsylvania.

May 25, 1993.

John Adam Di Pietro, Conshohocken, PA, Scott Burris, Philadelphia, PA, for plaintiff.

Nicholas N. Price, Schnader, Harrison, Segal & Lewis, Dennis R. Suplee, Philadelphia, PA, for defendants.

### MEMORANDUM

JAMES McGIRR KELLY, District Judge.

Presently before the court is Defendants', Mercy Health Corporation of Southeastern Pennsylvania, Mercy Catholic Medical Center of Southeastern Pennsylvania, Mercy Health Plan, Plato A. Marinakos, and Thomas F. Toomey, Jr. M.D. (the "Defendants"), motion for summary judgment.[1] The Defendants move this court to grant summary judgment in their favor on Count II. Mercy Health Plan moves to grant summary judg-

ment in their favor on all claims asserted against them. The individual Defendants move this court to grant summary judgment in their favor on all claims under Count I of the complaint. This court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343, 42 U.S.C. § 2000d–7.

On November 23, 1992, Plaintiff, Dr. Doe, filed a complaint before this court against the Defendants. Dr. Doe is an orthopedic surgeon infected with Human Immunodeficiency Virus (HIV). The Complaint alleges that Defendants, upon learning of Plaintiff's condition, restricted Dr. Doe's surgical privileges. Therefore, Defendants have violated § 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794, and Title III of the Americans with Disability Act ("ADA"), 42 U.S.C. §§ 12181–12189.

On December 14, 1992, Defendants filed a motion to dismiss portions of the complaint pursuant to Rule 12(b)(6) of the Fed.R.Civ.P. In an Order dated February 25, 1993, the court converted Defendants' motion to dismiss into a motion for summary judgment. In response, pursuant to Rule 56(f), Plaintiff filed John Adam Di Pietro's affidavit.

In general, the court should not grant summary judgment until the party opposing the motion has had an adequate opportunity to conduct discovery. *Radich v. Goode*, 886 F.2d 1391, 1393 (3d Cir.1989); (citing *Dowling v. City of Philadelphia*, 855 F.2d 136, 139 (3d Cir.1988)). Summary judgment prior to discovery is discussed in Rule 56(f). A party opposing the motion may file an affidavit requesting the court to permit additional discovery. However, in reliance upon Rule 56(f), this circuit typically requires a party to demonstrate how additional discovery will enable he/she to rebut the motion. *Radich*, 886 F.2d at 1393–94; (citing *Hancock Industries v. Schaeffer*, 811 F.2d 225 (3d Cir.1987), *Koplove v. Ford Motor Co.*, 795 F.2d 15 (3d Cir.1986)).

Plaintiff avers that evidence of the Defendants' religious affinity is in the exclusive knowledge and control of the Defendants

---

1. In Order dated February 25, 1993, this court converted Defendants Motion to Dismiss pursuant to Rule 12(b)(6) to a Motion for Summary Judgment pursuant to Rule 56. Plaintiff was given ten (10) days to submit all pertinent materials as a result of the conversion.

and their agents. Through the ordinary means of discovery authorized by the Federal Rules of Civil Procedure, Plaintiff asserts that additional evidence may be obtained. Such evidence, Plaintiff declares would establish the extent of the Defendants religious affiliation. In addition, Plaintiff asserts that additional discovery is necessary to establish Defendant Mercy Health Plan's ("MHP") alleged participation in the ADA violations.

Defendants submit this motion for summary judgment in the early stages of discovery. The court finds a reasonable possibility that Plaintiff may be able to adduce pertinent evidence through further discovery. Therefore, additional discovery is warranted under Rule 56(f). Henceforth, Defendants' Motion for Summary Judgment shall be denied at this time. Defendant may re-submit his motion after discovery is completed.